UNITED STATES of America,
Plaintiff–Appellee,

v.

Jermaine McBEE, Defendant–
Appellant.

No. 08–4174.

United States Court of Appeals,
Sixth Circuit.

Feb. 22, 2010.

Before: GIBBONS, SUTTON and
WHITE, Circuit Judges.

SUTTON, Circuit Judge.

Jermaine McBee challenges his 262–month sentence-and most particularly his status as a career offender. We affirm.

McBee pleaded guilty (1) to possession of crack cocaine with the intent to distribute it and (2) to being a felon in possession of a firearm. *See* 21 U.S.C. § 841(a)(1), (b)(1)(A); 18 U.S.C. § 922(g)(1). Over McBee's objection, the district court determined that he had at least two prior felony convictions of "a crime of violence," making him a career offender. *See* U.S.S.G. § 4B1.1. After further adjustments, the court calculated an advisory guidelines range of 262–327 months. The court sentenced him to 262 months of incarceration and to 5 years of supervised release.

McBee claims that his prior burglary conviction under Ohio law, *see* O.R.C. § 2911.12(A)(4), does not amount to a crime of violence. Yet we recently held otherwise in *United States v. Skipper,* 552 F.3d 489, 493 (6th Cir.2009). *Skipper,* it is true, involved plain-error review, *id.* at 491, but step one of the plain-error inquiry turns on whether any error occurred, and we found no error in treating § 2911.12(A)(4) as a crime of violence, *id.* at 493. The reality that McBee preserved an objection in his case, while Skipper did not preserve one in his, thus does not help McBee.

Supplementing his counsel's efforts, McBee filed a *pro se* letter brief describing the facts of his burglary conviction and attempting to show that his crime was not a typical burglary. What matters, however, are not the facts of the burglary but the reality that they led to a § 2911(A)(4) conviction. In applying the career offender guidelines, we take a categorical approach to the inquiry, focusing on the elements of the statute of conviction, not the underlying facts of the defendant's prior case. *See Shepard v. United States*, 544 U.S. 13, 17, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005); *United States v. Montanez*, 442 F.3d 485, 489 (6th Cir.2006).

McBee does not dispute that his felonious assault conviction counts as a second felony crime of violence. All told, these two crimes of violence plus the instant controlled-substance offense make him a career offender. *See* U.S.S.G. § 4B1.1. We thus need not decide whether two *additional* convictions amounted to crimes of violence. *Cf. United States v. Rone*, 147 Fed.Appx. 490, 492 (6th Cir.2005); *United States v. Herrera*, 375 F.3d 399, 406–07 (6th Cir.2004).

█ McBee separately challenges the substantive reasonableness of his sentence. But we have no authority to address this issue because he waived the right to appeal the reasonableness of a within-guidelines sentence in his plea agreement. *See United States v. Dillard*, 438 F.3d 675, 685 (6th Cir.2006).

For these reasons, we affirm.